

United States District Court

For The District of Wyoming

Jennifer WARAX,

        Plaintiff,

vs.

JOHNSON CNTY. HOSP. DIST. d/b/a JOHNSON CNTY. MEM'L HOSP., Mark SCHUELER, M.D. and Teah PETTIT, RN,

        Defendants,

Case No. 24-CV-00095-KHR

## INITIAL PRETRIAL ORDER

On September 30, 2024, an initial pretrial conference was held in this matter under Fed. R. Civ. P. 16 and U.S.D.C.L.R. 16.1 before the Honorable Stephanie A. Hambrick, United States Magistrate Judge for the District of Wyoming. Ms. Allison Pritchard and Mr. Sean Olson participated on behalf of Plaintiff, Ms. Amy Iberlin represented Defendant Mark Schueler, M.D., and Mr. Andrew Sears participated for Defendants Johnson County Memorial Hospital ("JCMH"), and Teah Pettit, RN. After hearing from the parties, the Court set forth the following trial schedule.

**(a) JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper

service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**(b) CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a) and acknowledge that this case will proceed before the District Judge assigned hereto and not before the Magistrate Judge.  However, the parties are not precluded from consenting to trial before a Magistrate Judge at least sixty (60) days prior to the trial date.

**(c) CLAIMS AND DEFENSES —**

Plaintiff:

This is a medical malpractice case resulting in the wrongful death of Mr. Thomas Warax on May 18, 2022.  Mr. Warax went to JCMH on May 17, 2022, with significant pain in his neck and shoulders that radiated into his chest and arms.  Defendant Schueler treated Mr. Warax at JCMH on May 17, 2022, and during the first visit Defendant Schueler did not complete an EKG despite being aware of Mr. Warax's extensive past cardiology issues.  Defendant Schueler discharged Mr. Warax around 5:00 p.m. on May 17, 2022, after giving him an injection in his neck for his pain.

Mr. Warax returned to the hospital around 9:30 p.m. in excruciating pain.  Defendant Schueler performed an EKG on Mr. Warax, which showed an abnormal heart rhythm.  Immediately after the EKG, Mr. Warax began profusely sweating on the table.  Defendant Schueler admitted Mr. Warax to the hospital for pain management and ordered blood work.  Mr. Warax's blood work returned at 12:28 a.m. on May 18, 2022, and showed an elevated troponin level of .157.  Mr. Warax threw up at approximately 5:00 a.m. on May 18, 2022, and complained of chest pain.  At 5:30 a.m., Defendant Schueler decided to begin heparin and

transfer Mr. Warax to a cath lab after performing another EKG, which had abnormal results. Defendant Schueler instructed nursing staff to retake Mr. Warax's blood, which came back at 6:23 a.m. with a troponin level of 1.590.

Mr. Warax became unresponsive at 6:34 a.m. as hospital staff was loading him into an ambulance. Defendants Schueler and Pettit, and other hospital staff were unable to resuscitate, Mr. Warax after he suffered from a heart attack at JCMH. No agent or employee of Defendant JCMH or Defendant Schueler did anything to prevent Mr. Warax's heart attack and ignored clear signs, including elevated troponin levels, profuse sweating, chest pain, and emesis.

<u>Defendant Mark Schueler, M.D.</u>:

Dr. Schueler is an emergency room doctor in Buffalo, Wyo. Dr. Schueler provided care and treatment to Mr. Warax on May 17, 2022. While Dr. Schueler generally agrees with Plaintiff's recitation of the underlying facts, he denies that he ignored signs of a heart attack or that he did nothing to prevent the death of Mr. Warax. Dr. Schueler also denies that he was in any way negligent in caring for and treating Mr. Warax.

<u>Defendants Johnson County Hospital District</u>:

Defendants Johnson County Hospital District ("JCHD") and Teah Pettitt, RN, generally agree with Plaintiff's recitation of the underlying facts. They admit that Teah Pettit, RN, was an employee of the JCHD. However, they deny that Nurse Pettit or any other employee of the hospital ignored clear signs of a heart attack or otherwise did nothing to prevent Mr. Warax's unfortunate death. They deny that Nurse Pettit or any employee of the hospital was negligent.

**(d) COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**(e) RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**(f)   SELF EXECUTING ROUTINE DISCOVERY, DISCOVERY DISPUTES, AND DUTY TO SUPPLEMENT—**

(1) The parties will comply with the initial disclosure exchanges required by Fed. R. Civ. P. 26(a)(1) no later than **October 14, 2024**.

(2) Pursuant to U.S.D.C.L.R 37.1(b), the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Hambrick's Chambers prior to filing any written discovery motions.

(3) The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure.

**(g)   PROPOSED ORDERS —**

Proposed orders regarding non-dispositive motions filed in this matter should be submitted to Judge Hambrick's chambers in Microsoft Word format via email to **wyojudgeSAH@wyd.uscourts.gov**.  Proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Rankin's chambers in Microsoft Word format via email to **wyojudgekhr@wyd.uscourts.gov**.

**(h)   AMENDMENT OF PLEADINGS — Wednesday, November 27, 2024**

Any motions to amend the pleadings or add additional parties shall be filed on or before November 27, 2024.

**(i)   EXPERT WITNESS DESIGNATION —**

**Plaintiff's Designation Deadline — Monday, May 5, 2025**

**Defendants' Designation Deadline — Wednesday, June 4, 2025**

The parties shall designate expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2), U.S.D.C.L.R. 26.1(e), and the following:

(1) Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by **Monday, May 5, 2025**. Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by **Wednesday, June 4, 2025**.

(2) These summaries shall include a comprehensive statement of the expert's opinions and the bases for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980) (reversing $800,000 jury verdict where the plaintiff's medical expert's testimony exceeded the scope of the designation and summary). This expert designation with summary <u>does not</u> satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) for retained experts; the parties must still disclose, and file with the Court, their written expert reports required by Rule 26(a)(2)(B). *See Vincent v. Nelson*, 51 F.4th 1200 1213-22 (10th Cir. 2022) (discussing and contrasting disclosure requirements for retained experts versus non-retained experts).

(3) In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness shall designate that medical or mental health provider as an expert witness.

(4) The party designating the expert witness shall set forth all special conditions or

requirements which the designating party or the expert witness will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

(5) A party may depose the opposing party's experts after the discovery cutoff date but must complete the depositions fourteen (14) days prior to the final pretrial conference.

(6) The parties shall serve upon one another, and file with the Court, their written expert and summary reports pursuant to Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure.

**(j) L**ISTING OF **O**THER **W**ITNESSES **— Friday, June 20, 2025**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before **Friday, June 20, 2025**. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**(k) D**ISCOVERY **C**UTOFF **D**ATE **— Thursday, July 31, 2025**

The discovery cutoff date is **Thursday, July 31, 2025**. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date. The parties have agreed to increase the number of fact depositions to fifteen per side.

**(l)   DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

**Filing Deadline – Thursday, August 14, 2025**

**Response Deadline – Thursday, August 28, 2025**

**Dispositive Motion Hearing – Thursday, September 4, 2025, at 2:00 p.m.**

(1)   The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is **Thursday, August 14, 2025**. The parties shall file responsive briefs and materials on or before **Thursday, August 28, 2025**.

(2)   If a dispositive motion or *Daubert* challenge is filed sooner the above deadline, then a response is due within 21 days of the filing. Each party is limited to a single dispositive motion of 25-pages unless otherwise allowed by the Court. The parties shall strictly comply with all other provisions of U.S.D.C.L.R. 7.1.

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).; And Fed. R. Evid. 702.

(3)   The dispositive motions are hereby set for oral hearing before the Honorable Kelly H. Rankin on May 29, 2025, at 2:00 p.m. at the Joseph C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming. [2]

**(m) STIPULATIONS AS TO FACTS — Thursday, September 11, 2025**

The parties shall exchange proposals for stipulations as to facts. The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiffs seek to stipulate and Defendants do not, and packet #3 shall include the facts to which Defendants seek to stipulate and Plaintiffs do not.  The parties shall file these packets with the Court by June 4, 2025.

**(n) MOTIONS IN LIMINE —**

**Filing Deadline – Thursday, September 11, 2025**

**Response Deadline – Thursday, September 25, 2025**

Motions in Limine or motions relating to the exclusion of evidence, limited to 15 pages contained in a single motion, shall be filed no later than **Thursday, September 11, 2025**. Responses shall be filed no later than **Thursday, September 25, 2025**.  If a motion in limine is filed sooner the above deadline, then a response is due within fourteen (14) days of the filing. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference. No replies are permitted without leave of the Court.

**(o) FINAL PRETRIAL CONFERENCE — Thursday, October 2, 2025, at 2:00 p.m.**

---

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

A final pretrial conference in this matter has been scheduled for **2:00 p.m.** on **Thursday, October 2, 2025**, at the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming before the Honorable Kelly H. Rankin.  Counsel for the parties shall appear in person.

(1) Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed Final Pretrial Order prepared for Judge Rankin's signature in the format provided on the District Court Website (www.wyd.uscourts.gov) under civil forms for Judge Rankin. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Rankin's chambers.  All represented parties are jointly responsible for the preparation of the proposed Final Pretrial Order.  A copy of the proposed order must be delivered directly to Judge Rankin's chambers in Microsoft Word (but not filed) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

(2) Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists and witness lists must be included as part of the proposed Final Pretrial Order in accordance with the instructions in the form order.  The parties are not required to list rebuttal witnesses or impeachment exhibits.

(3) Copies of all exhibits in either electronic or paper form must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.

**(p) EXHIBIT PREPARATION**

Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

(1) **Marking Exhibits.** All exhibits must be marked by the parties before trial. Plaintiff shall list and mark each exhibit with numerals and the case number, e.g., "Case 23CV990 Plaintiff's Exhibit 1." Defendant shall list and mark each exhibit with letters and the case number, e.g., "Case 23CV990 Defendant's Exhibit A." In the event there are multiple plaintiffs and/or defendants, please identify the particular party in the exhibit marking, e.g., "Case 23CV990 Plaintiff Smith Exhibit 1" or "Case 23CV990 Defendant Smith, Inc. Exhibit A." Unambiguous abbreviations may also be used, such as "Case 23CV990 P's Ex. 1." U.S.D.C.L.R. 16.2(b)(2).

(2) **Elimination of Duplicate.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

(3) **Copies for the Court.** Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**(q) EXHIBIT LISTS —**

The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED |
|---|---|---|---|---|---|---|

|  |  |  |  |  | (A)-(NA)* |
|---|---|---|---|---|---|
|  | (e.g. *****.pdf) |  |  |  |  |
|  | (e.g. *****.jpeg) |  |  |  |  |
|  |  |  |  |  |  |

* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

(1) **Category A**. No objections. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B.** These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

(2) Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

(3) Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived.

**(r) WITNESS LISTS —**

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition, or by video tape.

In bench trials, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. Witness statements shall be prepared and used at trial in accordance with Judge Rankin's Procedure for Presentation of Direct Testimony by Witness Statement, which is available on the Court's website under forms or by contacting Judge Rankin's chambers.

**(s) JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court uses the Jury Evidence Recording System (JERS) for the electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). JERS allows jurors to review evidence (documentary, photo, or video exhibits) on a large flat panel monitor during deliberations. The parties must provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court no later than 7 days prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**(t) JURY TRIAL — Monday, October 27, 2025**

A jury trial is set before the Honorable Kelly H. Rankin for **9:00 a.m.** on **Monday, October 27, 2025**, in Cheyenne, Wyoming, and is expected to last five (5) days.  This case is stacked #1 on the Court's docket.  U.S.D.C.L.R. 40.1(a).

**(u)  PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS AND VERDICT FORMS, AND JOINT STATEMENT —**

At least seven (7) days before the trial, the parties shall exchange and file proposed voir dire questions, jury instructions, special verdict form, and a joint statement (all subject to the parties' right to supplement such proposals at trial due to matters that cannot be reasonably foreseen).

(1) The proposed jury instructions and special verdict forms shall also be submitted directly to Judge Rankin's chambers via email to wyojudgekhr@wyd.uscourts.gov.  The instructions must be formatted as a single document for Word and shall include citations to authority but should not include a signature block at the bottom of each instruction.

(2) The parties' joint statement shall set forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted.  The joint statement will serve as the basis for informing the jury panel of the background of the case prior to voir dire.  The parties should make every effort to agree upon the language for the statement.  To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**(v)  SETTLEMENT POSSIBILITIES —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

Dated this 30th day of September, 2024.

*Stephanie Hambrick*
Stephanie A. Hambrick
United States Magistrate Judge